Reese, J.
delivered the opinion of the court.
John Austin and Lewis Blanton became jointly bound in a recognizance bond, in the sum of one thousand dollars, for the *214 appearance of one Samuel H. Tummons at the court house in Benton, before the Circuit Court of Polk county, on the second Monday in October, 1841, to answer the State on a charge of incest. The bond is signed and sealed, and has the following attestation, to wit, “Test, John Stamblin, Sheriff.” A forfeiture was taken, a scire facias issued, and defendants demurred to the same. The demurrer was sustained by the Circuit Court, and the State has prosecuted an appeal in error to this court. One objection to this recognizance bond is the same with that held to be fatal in a case determined at the present term of this court, (The State vs. Edwards,) namely, that the sheriff does not show that he took the recognizance according to the power given to him by the act of 1809, ch. 6, because Tummons was his prisoner, surrendered by his former bail; or pursuant to the authority given to him by the act of 1831, ch. 4, because Tummons had been committed to jail for want of security. Nor does the bond show of what county Shamblin, who attested it as sheriff, was in fact sheriff; or under what circumstances, or by virtue of what authority, except that the party was charged with incest, he took the bond. Moreover, the crime is above the grade of petit larceny, and the bond is taken, as to the sureties, not in the sum of five hundred dollars, as required by the act of 1809 when the sheriff takes bail because of a surrender by former sureties, but jointly in the sum of one thousand dollars. It is argued, that a judgment for five hundred dollars could be given upon the bond against the defendant: but this cannot be. It is not like the case of a sheriff’s bond where the penalty is intended to enforce a smaller pecuniary liability, and where the actual sum due, and not the penalty, is recovered. Here the whole penalty is forfeited, and recoverable by the State, or nothing.
For these several reasons the demurrer must be sustained and the judgment of the Circuit Court be affirmed.